**UNITED STATES of America,**
**Plaintiff,**

v.

**PHILIP MORRIS USA, INC.,**
**f/k/a Philip Morris, Inc.**
**et al.   Defendants.**

**No. CIV.A.99–2496 GK.**

United States District Court,
District of Columbia.

July 7, 2004.

Sharon Yvette Eubanks, Lead Attorney, J. Patrick Glynn, Renee Brooker, Stephen Dudley Brody, U.S. Department of Justice, Washington, DC, for United States of America, United States Department of Justice, Plaintiff.

Alfred McDonnell, Lead Attorney, Arnold & Porter, Denver, CO, Amy L. McGinnis, Lead Attorney, Amy Elizabeth Ralph, Lead Attorney, Anne McBride Walker, Lead Attorney, Duane J. Mauney, Lead Attorney, Floyd E. Boone, Jr., Lead Attorney, James Miller Rosenthal, Lead Attorney, Jeanna Maria Beck, Lead Attorney, Jonathan Louis Stern, Lead Attorney, Kevin M. Green, Lead Attorney, Leslie Wharton, Lead Attorney, Melissa L. Marglous, Lead Attorney, Michael R. Geske, Lead Attorney, Murray R. Garnick,

Lead Attorney, Nick Malhotra, Lead Attorney, Peter Thomas Grossi, Jr., Lead Attorney, Ryan David Guilds, Lead Attorney, Sharma Jnatel Simmons, Lead Attorney, Sharon L. Taylor, Lead Attorney, Stacy J. Pollock, Lead Attorney, Susan Louise Lyndrup, Lead Attorney, Brian K. Esser, Arnold & Porter, Washington, DC, Ashley Cummings, Lead Attorney, Hunton & Williams, Atlanta, GA, Ben M. Germana, Lead Attorney, Herbert M. Wachtell, Lead Attorney, Jeffrey M. Wintner, Lead Attorney, Steven M. Barna, Lead Attorney, Wachtell, Lipton, Rosen & Katz, New York City, Bradley E. Lerman, Lead Attorney, Dan K. Webb, Lead Attorney, Elizabeth D. Jensen, Lead Attorney, Jeffrey Wagner, Lead Attorney, Kevin J. Narko, Lead Attorney, Luke A. Palese, Lead Attorney, Ricardo E. Ugarte, Lead Attorney, Thomas J. Frederick, Winston & Strawn, Chicago, IL, C. Ian Anderson, Lead Attorney, Davis, Polk & Wardwell, New York City, Christopher J. Cullen, Lead Attorney, Jane E. Chang, Lead Attorney, Jay L. Levine, Lead Attorney, Matthew Campbell, Lead Attorney, Robert M. Rader, Lead Attorney, Thomas M. Stimson, Lead Attorney, Timothy M. Broas, Lead Attorney, Winston & Strawn, LLP, Washington, DC, Cindy L. Gantnier, Lead Attorney, Erik D. Nadolink, Lead Attorney, Patricia M. Schwarzschild, Lead Attorney, Richard H. Burton, Lead Attorney, Cheryl Grissom Ragsdale, Christy L. Henderson, Michele B. Scarponi, Hunton & Williams, Richmond, VA, Daniel C. Jordan, Lead Attorney, Hunton & Williams, McLean, VA, James Lewis Brochin, Lead Attorney, Theodore V. Wells, Jr., Lead Attorney, Paul, Weiss, Rifkind, Wharton & Garrison, New York City, Lauren J. Bernstein, Lead Attorney, Winston & Strawn, New York City, Seth Barrett Tillman, Lead Attorney, Newark, NJ, Richard P. Cassetta, Thompson Coburn, LLP, St. Louis, MO, for Philip Morris USA Inc., formerly known as Philip Morris Incorporated, Defendant.

David B. Alden, Lead Attorney, Paul Crist, Lead Attorney, Randal S. Baringer, Lead Attorney, Robert C. Weber, Lead Attorney, Jones, Day, Reavis & Pogue, Cleveland, OH, Elizabeth P. Kessler, Lead Attorney, Ivan C. Smith, Lead Attorney, Scott C. Walker, Lead Attorney, Jones, Day, Reavis & Pogue, Columbus, OH, Geoffrey T. Wright, Lead Attorney, Johathan Redrave, Lead Attorney, Patrick L. Hubbard, Lead Attorney, Paul Sommer Ryerson, Lead Attorney, Peter John Biersteker, Lead Attorney, Robert Francis McDermott, Jr., Lead Attorney, Karen O'Brien Hourigan, Jones Day, Washington, DC, Harold K. Gordon, Lead Attorney, Jones, Day, Reavis & Pogue, New York City, John Buchanan Williams, Lead Attorney, William M. Bailey, Lead Attorney, Collier Shannon Scott, PLLC, Washington, DC, Lisa M. Sheppard, Lead Attorney, Womble, Carlyle, Sandridge & Rice, PLLC, Winston–Salem, NC, Nicholas N. Nierengarten, Lead Attorney, Gray, Plant, Mooty, Mooty & Bennett, PA, Minneapolis, MN, Robert M. Rader, Lead Attorney, Timothy M. Broas, Winston & Strawn, LLP, Washington, DC, Richard P. Cassetta, Thompson Coburn, LLP, St. Louis, MO, for R.J. Reynolds Tobacco Company, Defendant.

Andrew Martin McCormack, Lead Attorney, William Charles Hendricks, III, Lead Attorney, King & Spalding, Washington, DC, Dan H. Willoughby, Lead Attorney, leign Ann Dowden, Lead Attorney, King & Spaulding, Atlanta, Ga, David M. Bernick, Lead Attorney, Deirdre A. Fox, Lead Attorney, Douglas G. Smith, Lead Attorney, Michelle H. Browdy, Lead Attorney, Stephen R. Patton, Lead Attorney, Sreven D. McCormick, Lead Attorney, Kirkland & Ellis, Chicago, IL, David Mendelson, Lead Attorney, Dawn D. Mar-

chant, Lead Attorney, Karen McCartan DeSantis, Lead Attorney, Kenneth N. Bass, Kirkland & Ellis, Washington, DC, Paul Lamont McDonald, Lead Attorney, Philadelphia, PA, Rebecca I. Ruby, Lead Attorney, Goodwin Procter, LLP, Washington, DC, Robert M. Rader, Lead Attorney, Timothy M. Broas, Winston & Strawn, LLP, Washington, DC, Richard P. Cassetta, Thompson, Coburn, LLP, St. Louis, MO, for Brown & Williamson Tobacco Corporation, Directly and as successor by merger to American Tobacco Company, Defendant.

Bruce C. Ryder, Lead Attorney, J. William Newbold, Lead Attorney, James M. Cox, Lead Attorney, Michael B. Minton, Lead Attorney, Thompson Coburn, LLP, St. Louis, MO, Edward Craig Schmidt, Lead Attorney, Matthew David Schwartz, Lead Attorney, Thompson Coburn, LLP, Washington, DC, Paige Q. Szajnuk, Lead Attorney, Thomas A. Duncan, lead Attorney, Shook, Hardy & Bacon, Kansas City, MO, Timothy M. Broas, Lead Attorney, Robert M. Rader, Lead Attorney, Winston & Strawn, LLP, Washington, DC, for Lorillard Tobacco Company.

Aaron H. Marks, Lead Attorney, Daniel R. Benson, Lead Attorney, Julie R. Fischer, Lead Attorney, Leonard A. Feiwus, Lead Attorney, Marc E. Kasowitz, Lead Attorney, Nancy E. Straub, Lead Attorney, Kasowitz, Benson, Torres Friedman, L.L.P., New York City, Fred W. Reinke, Lead Attorney, Clifford Chance US, LLP, Washington, DC, Melodie M. Mabanta, Lead Attorney, Robinson Woolson, P.A., Baltimore, MD, Robert M. Rader, Lead Attorney, Timothy M. Broas, Winston & Strawn, LLP, Washington, DC, for the Liggett Group, Directly and as Parent to Ligget & Myers, Inc., Defendant.

David Mendelson, Lead Attorney, Robert M. Rader, Lead Attorney, Winston & Strawn, LLP, Washington, DC, for the American Tobacco Company, Directly and as Successor to the tobacco interest of American Brands, Inc., Defendant.

Alfred McDonnell, Lead Attorney, Arnold & Porter, Denver, CO, Amy L. McGinnis, Lead Attorney, Amy Elizabeth Ralph, Lead Attorney, Anne McBride Walker, Lead Attorney, Nick Malhotra, Lead Attorney, Duane J. Mauney, Lead Attorney, Floyd E. Boone, Jr., Lead Attorney, James Miller Rosenthal, Lead Attorney, Jeanna Maria Beck, Lead Attorney, Jonathan Louis Stern, Lead Attorney, Kendall Millard, Lead Attorney, Kevin M. Green, Lead Attorney, Leslie Wharton, Lead Attorney, Melissa L. Marglous, Lead Attorney, Michael R. Geske, Lead Attorney, Murray R. Garnick, Lead Attorney, Ryan David Guilds, Lead Attorney, Sharma Jnatel Simmons, Lead Attorney, Sharon L. Taylor, Lead Attorney, Stacy J. Pollock, Lead Attorney, Susan Louise Lyndrup, Lead Attorney, Brian K. Esser, Arnold & Porter, Washington, DC, Bradley E. Lerman, Lead Attorney, Dan K. Webb, Lead Attorney, Kevin J. Narko, Lead Attorney, Ricardo E. Ugarte, Lead Attorney, Thomas J. Frederick, Winston & Strawn, Chicago, IL, C. Ian Anderson, Lead Attorney, Davis, Polk & Wardwell, New York City, NY, Patricia M. Schwarzschild, Lead Attorney, Richard H. Burton, Lead Attorney, Cheryl Grissom Ragsdale, Michele B. Scarponi, Hunton & Williams, Richmond, VA, Lauren J. Bernstein, Lead Attorney, Winston & Strawn, New York City, NY, Robert M. Rader, Lead Attorney, Thomas M. Stimson, Lead Attorney, Timothy M. Broas, Lead Attorney, Winston & Strawn, LLP, Washington, DC, for Philip Morris Companies, Inc., Defendant.

Demetra Frawley, Lead Attorney, Mary Elizabeth McGarry, Lead Attorney, Michael V. Corrigan, Lead Attorney, Simpson, Thacher & Bartlett, New York, NY, Michael Asher Schlanger, Lead Attor-

ney, Sonnenschein, Nath & Rosenthal, Washington, DC, Robert M. Rader, Lead Attorney, Winston & Strawn, LLP, Washington, DC, for British American Tobacco, P.L.C., Directly and as Successor to B.A.T., Industries P.L.C., Defendant.

Arnon D. Siegel, Lead Attorney, Lawrence Saul Robbins, Lead Attorney, Roy T. Englert, Jr., Lead Attorney, Robbins, Russell, Englert, Orseck & Untereiner, Washington, DC, Bruce G. Sheffler, Lead Attorney, David L. Wallace, Lead Attorney, F. John Nyhan, Lead Attorney, Garyowen P. Morrisroe, Lead Attorney, Jessica L. Zellner, Lead Attorney, Timothy M. Hughes, Lead Attorney, Lawrence Edward Savell, Chadbourne & Parke, LLP, New York, NY, William Salvatore D'Amico, Lead Attorney, Chadbourne & Parke, LLP, New York, NY, William Salvatore D'Amico, Lead Attorney, Chadbourne & Parke, Washington, DC, Timothy M. Broas, Robert M. Rader, Lead Attorney, Winston & Strawn, LLP, Washington, DC, Richard P. Cassetta, Thompson Coburn, LLP, St. Louis, MO, British American Tobacco (Investments) Ltd., Directly and as Successor to British-American Tobacco Co., Ltd., Defendant.

Bruce G. Merritt, Lead Attorney, Judah Best, Lead Attorney, Kevin C. Lombardi, Lead Attorney, Steven Klugman, Lead Attorney, DeBevoise & Plimpton, Washington, DC, David Runtz, Lead Attorney, Dennis H. Hranitzky, Lead Attorney, Joseph P. Moodhe, Lead Attorney, Steven S. Michaels, Lead Attorney, DeBevoise & Plimpton LLP, New York, NY, Timothy M. Broas, Robert M. Rader, Lead Attorney, Winston & Strawn, LLP, Washington, DC, Richard P. Cassetta, Thompson Coburn, LLP, St. Louis, MO, for the Council for Tobacco Research-USA, Inc., Defendant.

Clausen Ely, Jr., Lead Attorney, James Alexander Goold, Joseph A. Kresse, Keith Allen Teel, Covington & Burling, Washington, DC, Timothy M. Broas, Robert M. Rader, Lead Attorney, Winston & Strawn, LLP, Washington, DC, Richard P. Cassetta, Thompson Coburn, LLP, St. Louis, MO, for the Tobacco Institute, Inc.

Alfred McDonnell, Lead Attorney, Arnold & Porter, Denver, CO, Amy L. McGinnis, Lead Attorney, Amy Elizabeth Ralph, Lead Attorney, Anne McBride Walker, Lead Attorney, Brian K. Esser, Lead Attorney, Duane J. Mauney, Lead Attorney, Floyd E. Boone, Jr., Lead Attorney, James Miller Rosenthal, Lead Attorney, Jeanna Maria Beck, Lead Attorney, Jonathan Louis Stern, Lead Attorney, Kendall Millard, Lead Attorney, Kevin M. Green, Lead Attorney, Leslie Wharton, Lead Attorney, Melissa L. Marglous, Lead Attorney, Michael R. Geske, Lead Attorney, Murray R. Garnick, Lead Attorney, Nick Malhotra, Lead Attorney, Peter Thomas Grossi, Jr., Lead Attorney, Ryan David Guilds, Lead Attorney, Sharma Jnatel Simmons, Lead Attorney, Sharon L. Taylor, Lead Attorney, Stacy J. Pollock, Lead Attorney, Susan Louise Lyndrup, Lead Attorney, Arnold & Porter, Washington, DC, Ashley Cummings, Hunton & Williams, Atlanta, GA, Ben M. Germana, Lead Attorney, Herbert M. Wachtell, Lead Attorney, Steven M. Barna, Lead Attorney, Wachtell, Lipton, Rosen & Katz, New York City, Bradley E. Lerman, Lead Attorney, Dan K. Webb, Lead Attorney, Elizabeth D. Jensen, Lead Attorney, Jeffrey Wagner, Lead Attorney, Jeffrey M. Wintner, Lead Attorney, Kevin J. Narko, Lead Attorney, Luke A. Palese, Lead Attorney, Ricardo E. Ugarte, Lead Attorney, Thomas J. Frederick, Winston & Strawn, Chicago, IL, C. Ian Anderson, Lead Attorney, Davis, Polk & Wardwell, New York City, NY, Christopher J. Cullen, Lead Attorney, Jane E. Chang, Lead Attorney, Jay L. Levine, Lead Attorney, Matthew Campbell, Lead Attorney, Thomas M. Stimson, Lead Attorney, Timothy M. Broas, Lead Attorney, Winston & Strawn,

LLP, Washington, DC, Cindy L. Gantnier, Lead Attorney, Erik D. Nadolink, Lead Attorney, Jason T. Jacoby, Lead Attorney, Patricia M. Schwarzschild, Lead Attorney, Richard H. Burton, Lead Attorney, Hunton & Williams, Richmond, VA, Daniel C. Jordan, Lead Attorney, Hunton & Williams, McLean, VA, James Lewis Brochin, Lead Attorney, Theodore V. Wells, Jr., Lead Attorney, Paul, Weiss, Rifkind, Wharton & Garrison, New York City, NY, Lauren J. Bernstein, Lead Attorney, Seth Barrett Tillman, Lead Attorney, Winston & Strawn, New York City, NY, Richard P. Cassetta, Thompson Coburn, LLP, St. Louis, MO, for Altria Group, In., formerly Philip Morris Companies, Inc., Defendant.

David Charles Shonka, Lead Attorney, Federal Trade Commission, Washington, DC, for University of Arizona, Federal Trade Commission.

Neil H. Koslowe, Lead Attorney, Shearman and Sterling, LLP, Washington, DC, Alvin Bertram Dunn, Jack McKay, Shaw Pittman, LLP, Washington, DC, for British American Tobacco Australia Services, Ltd., Batas.

Frank Janecek, Lead Attorney, Milberg, Weiss, Bershad, Hynes & Lerach, San Diego, CA, Julian K. Fite, Lead Attorney, Tahequah, OK, for Cherokee Nation, Movant.

Steven D. Gordon, Lead Attorney, Holland & knight, LLP, Washington, DC, for SmithKline Beecham Corp. dba GlaxoSmithKline, GlaxoSmithKline Consumer Healthcare, L.P., Intervenors.

Arnon D. Siegel, Lead Attorney, Robbins, Russell, Englert, Orseck & Untereiner, Washington, DC, for Pharmacia Corp., Intervenor.

Kate Cumming Beardsley, Lead Attorney, Buc & Beardsley, Washington, DC, for Elan Corp., PLC, Intervenor.

Stephen Printiss Murphy, Lead Attorney, Reed Smith, Washington, DC, for Novartis Consumer Health, Inc.

Stephen Paul Mahinka, Lead Attorney, Morgan, Lewis & Bockius, LLP, Washington, DC, for Pfizer, Inc., Invervenor.

### *MEMORANDUM OPINION*

KESSLER, District Judge.

This matter is now before the Court on the United States' Motion for Partial Summary Judgment Dismissing Defendants' Affirmative Defenses Asserting Res Judicata, Collateral Estoppel, Release, Accord and Satisfaction, and Mootness ("Motion"). Upon consideration of the Motion, Defendants' Opposition, the Reply and the entire record herein, and for the reasons stated below, the Motion is **granted**.

## I. BACKGROUND

Plaintiff, the United States of America (the "Government") has brought this suit against Defendants [1] pursuant to Sections 1962(c) and (d) of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*. [2] Defendants are manufacturers of cigarettes

---

1. Defendants are Philip Morris USA Inc. (f/k/a Philip Morris Incorporated), R.J. Reynolds Tobacco Company, Brown & Williamson Tobacco Corporation (individually and as successor by merger to the American Tobacco Company), Lorillard Tobacco Company, Altria Group Inc. (f/k/a Philip Morris Companies, Inc.), British American Tobacco (Investments), Ltd., The Council for Tobacco Research–U.S.A., Inc., The Tobacco Institute, Inc., and The Liggett Group, Inc..

2. The Complaint originally contained four claims under three statutes. On September 28, 2000, the Court dismissed Count One (pursuant to the Medical Care Recovery Act, 42 U.S.C. § 2651, *et seq.*) and Count Two (pursuant to the Medicare Secondary Payer provisions of the Social Security Act, 42 U.S.C. §§ 1395y(b)(2)(B)(ii) & (iii)). *See United States v. Philip Morris*, 116 F.Supp.2d 131 (D.D.C.2000).

and other tobacco-related entities. The Government seeks injunctive relief and disgorgement of $280 billion dollars[3] of ill-gotten gains for what it alleges to be Defendants' unlawful conspiracy to deceive the American public. The Government's Amended Complaint describes a four-decade long conspiracy, dating from at least 1953 to intentionally and willfully deceive and mislead the American public about, among other things, the harmful nature of tobacco products, the addictive nature of nicotine, and the possibility of manufacturing safer and less addictive tobacco products. Amended Complaint ("Am.Compl.") at ¶ 3.

Defendants deny all the Government's claims and assert a variety of affirmative defenses in their Answers, responses to interrogatories, and in the Joint Defendants' Preliminary Proposed Conclusions of Law Regarding Affirmative Defenses. Some of those affirmative defenses are based upon the Master Settlement Agreement ("MSA"), a settlement between all but two of the Defendants and the 50 states and the District of Columbia to resolve state tobacco litigation. Defendants argue that the MSA, in and of itself, either precludes the Government's litigation of its RICO claims or renders this action moot because the MSA already provides much of the relief which the Government seeks. *See* Defs.' Opp'n, at 5. In this Motion, the Government seeks partial summary judgment dismissing these affirmative defenses.

## II. SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering a summary judgment motion, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255, 106 S.Ct. 2505; *see Washington Post Co. v. United States Dep't of Health and Human Servs.*, 865 F.2d 320, 325 (D.C.Cir.1989).

■ Additionally, under Rule 56(c), in order to defeat summary judgment dismissing any affirmative defense, Defendants must make a showing sufficient to establish the existence of an element essential to that affirmative defense. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## III. THE MSA DOES NOT, AS A MATTER OF LAW, RENDER THE GOVERNMENT'S CLAIMS MOOT

■ Defendants' affirmative defense of mootness rests entirely on the MSA. They claim that the Government is not entitled to any of the relief it seeks because that relief is duplicative of existing and effective mechanisms provided by the MSA. *See* Defs.' Opp'n, at 5. However, Defendants continue to confuse the two fundamental components of every lawsuit,

---

3. As a result of corrections made to the Youth Addicted Population and the resulting proceeds' calculation, the amount of disgorgement sought by the Government is $280 billion, rather than the $289 billion initially identified in the United States' Preliminary Proposed Conclusions of Law. *See* United States' Mem. of Points and Authorities in Opp. To Defs.' Mot. for Partial Sum. J. Dismissing Govt's Disgorgement Claim, at 1.

namely liability and remedy. Affirmative defenses apply only to the issue of liability, not remedy. This Court has already held on two occasions that the MSA, in and of itself, does not preclude a finding of RICO liability in this action.[4] *See* Mem. Op. to Order # 537, at 4–8 (May 6, 2004); *United States v. Philip Morris*, 116 F.Supp.2d at 149. For all the reasons set forth in those two opinions, existence of and compliance with the MSA, even if proven, does not render the Government's claims for liability moot.[5]

## IV. THE GOVERNMENT IS ENTITLED TO SUMMARY JUDGMENT ON ALL AFFIRMATIVE DEFENSES WHICH DEFENDANTS DID NOT ADDRESS

With respect to the affirmative defenses of res judicata, collateral estoppel, release, and accord and satisfaction, Defendants, in their Opposition, neither contest material facts declared by the Government nor counter its arguments as to why it is entitled to judgment as a matter of law. Defendants relegate the discussion of three of these four defenses (release is never mentioned at all) to a single footnote in which they cite no legal authority but ask that these defenses not be dismissed because "they are plainly applicable." *See* Defs.' Opp'n, at 6 n. 4.

■ Accordingly, Defendants have effectively failed to oppose the Government's Motion as to these defenses. *See* Local R. 7.1(b); *United States v. Real Property Identified as Parcel 03179–005R*, 287 F.Supp.2d 45, 61 (D.D.C.2003) ("when [defendant] files opposition to motion for summary judgment addressing only certain arguments raised by [plaintiff], court may treat those arguments that [defendant] failed to address as conceded under local rule"). Thus, the Government is entitled to judgment as a matter of law dismissing the affirmative defenses of res judicata, collateral estoppel, release, and accord and satisfaction.

## V. CONCLUSION

For all the foregoing reasons, the Government is entitled to partial summary judgment on the affirmative defenses of res judicata, collateral estoppel, release, accord and satisfaction, and mootness, and its Motion is **granted.**

An **Order** will accompany this opinion.

### ORDER # 586

This matter is now before the Court on the United States' Motion for Partial Summary Judgment Dismissing Defendants' Affirmative Defenses Asserting Res Judicata, Collateral Estoppel, Release, Accord

---

4. Moreover, the MSA explicitly states that it makes no findings of, nor does any party make admissions of, liability. *See* MSA § XVIII.

5. By granting the Government's Motion, the Court is not, as Defendants argue, ruling that, *if and when* it reaches the issue of remedy, it will ignore the MSA. At this point, the Court is ruling on dismissal of the affirmative defense of mootness not the evidentiary issue of admissibility of the MSA with regard to remedy.

   With that in mind, Defendants may be concerned about the second reason discussed by the Court in its Opinion denying their Motion

for Summary Judgment on the Grounds There Is No Reasonable Likelihood of Future RICO Violations. Specifically, the Court noted

  "the MSA provides that it shall not be 'offered or received in evidence in any action ... for any purpose other than in an action ... arising under or relating to this Agreement.' While the Defendants argue to the contrary, it is clear that the Government's lawsuit is not 'an action ... relating to this Agreement.' "

Mem. Op. to Order # 537, at 6. In reviewing that Opinion, the Court acknowledges that this language may have been too broad and unnecessary to the final ruling.

and Satisfaction, and Mootness ("Motion"). Upon consideration of the Motion, the Opposition, the Reply, and the entire record herein, and for the reasons set forth in the accompanying Memorandum Opinion, the Motion is granted; it is further

**ORDERED** that the following affirmative defenses are **DISMISSED:**

*Philip Morris, USA Inc.:* Affirmative Defenses 8, 9, and 10

*Altria Group, Inc.:* Affirmative Defenses 9, 10, and 11

*R.J. Reynolds, Tobacco Co.:* Affirmative Defenses 39, 40, and 41

*Brown & Williamson Tobacco Co.:* Affirmative Defense 26 and 27

*British American Tobacco (Investments) Limited:* Affirmative Defense 19

*Lorillard Tobacco Company:* Affirmative Defense 3 and 46

*The Liggett Group, Inc.:* Affirmative Defense 30, 31, and 32

*Council for Tobacco Research—USA:* Affirmative Defense 6, 18, and 26

*The Tobacco Institute:* Affirmative Defenses 7, 8, and 9.